J-S36001-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AKWASI AFRIYIE | : | |
| | : | |
| Appellant | : | No. 2099 MDA 2018 |

Appeal from the Order Entered December 11, 2018
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0001678-2018,
CP-36-CR-0001799-2018, CP-36-CR-0001801-2018,
CP-36-CR-0002604-2018

BEFORE: PANELLA, P.J., SHOGAN, J., and PELLEGRINI, J.[*]

DISSENTING MEMORANDUM BY PELLEGRINI, J.:

**FILED NOVEMBER 08, 2019**

Because I would find that this appeal should not be quashed pursuant to **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), I must respectfully dissent.

The trial court entered an "Order" on December 11, 2018, dismissing a petition for post-conviction relief filed by the Appellant, Akwasi Afriyie (Afriyie). The Order included a caption referencing four docket numbers, CP-36-CR-0001678-2018; CP-36-CR-0001799-2018; CP-36-CR-0001801-2018; and CP-36-CR-0002604-2018. The Order also advised Afriyie "that he has the

---

[*] Retired Senior Judge assigned to the Superior Court.

right to appeal this Order dismissing his PCRA petition to the Superior Court of Pennsylvania within thirty (30) days of the date of entry of this Order by the Clerk of Courts. Defendant is entitled to proceed *pro se* or he may retain counsel to represent him on such appeal."

Afriyie sought review of the Order by filing one notice of appeal listing the four docket numbers above, mirroring the caption on the Order. The trial court entered another order on December 27, 2018, permitting Afriyie to proceed *pro se* and referring to the appellate proceedings as an "appeal" and a "matter."

In my view, **Walker** is inapplicable because any defect in Afriyie's notice of appeal resulted from a breakdown in court operations. The trial court misadvised Afriyie in the Order that his four docket numbers were being treated collectively as a single proceeding, that a single "Order" resolved all of his cases, and that he had the right to counsel on a single "appeal." If **Walker** required Afriyie to file a separate notice of appeal for each of his four docket numbers, then Afriyie's mistaken filing of a single notice as to all cases was the forgivable result of the court's misadvice.

As we held in **Commonwealth v. Stansbury**, 303 EDA 2019, at *3 (Pa. Super. September 5, 2019), a party should not be held responsible for a procedural error that flows from a court's incorrect instructions. **See also Commonwealth v. Villanueva**, 1863 MDA 2018, at *2 (Pa. Super. October 8, 2019) (unpublished memorandum) ("The trial court's inaccurate statement

- 2 -

that Appellant could file a single appeal from the sentences at three different dockets constitutes a breakdown of court operations such that the resultant defect in the notices of appeal may be overlooked."); ***Commonwealth v. Hackley***, 1769 MDA 2018, at *2 (Pa. Super. September. 23, 2019) (unpublished memorandum) (finding ***Walker*** inapplicable because "the trial court essentially told [the defendant] that there was one order, and that he was entitled to only one appeal.").

An alternative basis for my dissent, albeit one that also would result in quashing Afriyie's appeal as interlocutory, is the trial court's failure to comport with Pa.R.A.P. 301.  In pertinent part, that Rule provides:

**Rule 301. Requisites for an Appealable Order.**

(a) *Entry upon docket below.*

(1) Except as provided in paragraph (2) of this subdivision, no order of a court shall be appealable until it has been entered upon the appropriate docket in the lower court.  Where under the applicable practice below an order is entered in two or more dockets, the order has been entered for the purposes of appeal when it has been entered in the first appropriate docket.

(2) In a criminal case in which no post-sentence motion has been filed, a judgment of sentence is appealable upon the imposition of sentence in open court.

(b) *Separate document required*.—Every order shall be set forth on a separate document.

In this case, Afriyie's appeal really concerns four final orders – one for each docket number on the caption – all of which are set forth on a single document.  Because the trial court disposed of four different cases in one

document, the "requisites for an appealable order" under Pa.R.A.P. 301 have not been met. ***See also*** Pa.R.A.P. 341(d) (defining a "final order" subject to appellate review). Because there was no appealable order in any of those cases, under this rationale, I would quash Afriyie's appeal(s) as interlocutory and remand to the trial court to issue an appealable order for each docket number. Accordingly, I would hold that ***Walker*** does not apply[1] and respectfully dissent.

_____

[1] ***Walker*** did not address any of the requisites of appealability under Pa.R.A.P. 301; nor did it address whether a deficient notice of appeal could be forgiven as a result of a breakdown in court operations due to a court's misadvice. Notwithstanding its "bright-line" rule requiring the filing of separate notices, the ***Walker*** Court surely could not have intended to mandate that a party loses appellate rights even when the party proceeded as a trial judge advised.